IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


KIRK P. SPENCER, III                                                            PLAINTIFF

vs.                                       Civil No. 2:12-cv-02303

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kirk Spencer, III ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T.

Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends the ALJ's determination be **REVERSED and REMANDED.**

1. <u>**Background:**</u>

Plaintiff filed his application for SSI on March 1, 2010. (Tr. 16, 126-129).[1] Plaintiff alleged

he was disabled due to bad back, knees, elbows and hands, dizziness, and neck pain.  (Tr. 163).

Plaintiff alleged an onset date of June 15, 1986.  (Tr. 163).  This application was denied initially and

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this
case are referenced by the designation "Tr."

1

again on reconsideration.  (Tr. 71-74, 79-83).

On September 29, 2010, Plaintiff requested an administrative hearing on his application.  (Tr. 84).  This hearing request was granted, and an administrative hearing was held on February 16, 2011. (Tr. 31-68).  Plaintiff was present and was represented by counsel, Davis Duty, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) and had completed the 7th grade. (Tr. 36, 38).

On April 20, 2011, the ALJ entered an unfavorable decision on Plaintiff's application for SSI.  (Tr. 16-25).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2010.  (Tr. 18, Finding 1).  The ALJ also determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and right clavicular fracture.  (Tr. 18, Finding 2).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 18, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 21-24).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  (Tr. 22). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for light work, including the ability to sit for about six hours out of an eight-hour workday and can stand and walk for about

2

six hours during an eight-hour workday; he can occasionally climb, balance, stoop, kneel, crouch, and crawl; can frequently reach with his right upper extremity, and can occasionally reach overhead with his right upper extremity.  (Tr. 21, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 24, Finding 5).  The ALJ determined Plaintiff had no PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 24-25, Finding 9).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as small products assembly with approximately 950 such jobs locally and 108,500 such jobs in the nation, machine tender with approximately 1,200 such jobs locally and 85,900 such jobs in the nation, and inspector with approximately 1,000 such jobs locally and 69,800 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since March 1, 2010.  (Tr. 25, Finding 10).

On June 24, 2011, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 12).  *See* 20 C.F.R. § 404.968.  On October 1, 2012, the Appeals Council declined to review the ALJ's decision.  (Tr. 1-6).  On December 5, 2012, Plaintiff filed the present appeal.  ECF No. 1. Both parties have filed appeal briefs.  ECF Nos. 11, 12.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred (1) in failing to fully and fairly develop the record, (2) in his determination of Plaintiff's severe impairments, (3) in his RFC determination, and (4) in his Step 5 determination. ECF No. 11, Pages 6-12. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12. Because this Court finds the ALJ erred in his determination of Plaintiff's severe impairments, this Court will only address this point raised by Plaintiff.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th

5

Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

According to Plaintiff, the ALJ erred when he failed to find Plaintiff's cervical disc disease and neck pain as severe impairments. The ALJ found Plaintiff's severe impairments were degenerative disc disease of the lumbar spine and right clavicular fracture and retained the RFC for light work with some limitations. (Tr. 18, 21-24). However, in making this determination, it appears the ALJ entirely disregarded the findings of Plaintiff's cervical CT scan which showed abnormalities.

On October 31, 2009, Plaintiff was admitted to the St. Edward Mercy Hospital ER following an ATV accident. (Tr. 223). Plaintiff had a mild closed head injury, clavicular fracture, and a rib fracture. (Tr. 224). Plaintiff had a CT scan of the cervical area which showed a small central disc protrusion at C3-4, left paracentral disc protrusion at C4-5, moderate disc bulge at C5-6 and C6-7. (Tr. 226). Additionally, on May 19, 2010, Plaintiff underwent a Disability Physical by Dr. Rebecca Floyd. (Tr. 239-242). Plaintiff indicated pain in the cervical area with every movement. (Tr. 241).

Standing alone, these findings provide sufficient evidence demonstrating Plaintiff's neck pain satisfy the low or *de minimis* standard for establishing a severe impairment. Accordingly, this case

must be reversed and remanded.   *See Nicola,* 480 F.3d at 887.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence.   Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.   *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **30th day of October, 2013.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

7